IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE MADISON<br>　　　　　Plaintiff,<br><br>v.<br><br>MIKE ROTH d/b/a AUTO PROS, et al.<br>　　　　　Defendants. | CIVIL ACTION<br><br>No. 2:14-cv-01544-ER<br><br>Hon. Eduardo C. Robreno<br><br>[Filed Electronically] |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Mike Roth d/b/a Auto Pros, et. al. ("Roth") submits this Brief in Support of his Motion to Dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### I.   INTRODUCTION

This case arises out of a claim of automobile fraud where Michelle Madison ("Madison") alleges Roth fraudulently failed to disclose mileage rollback. Madison does not claim that the vehicle was defective in any way. Rather, her claim is rooted on the basis that a private non-party dealer would not accept the trade in of the vehicle due to a mileage discrepancy. Madison admits that Roth had no knowledge of the rollback prior to the sale of the vehicle. Madison possessed the vehicle for three years without issue and now brings claims of fraud and unfair or deceptive trade practices. As set forth more fully below, the Complaint should be dismissed with prejudice.

## II.    RELEVANT BACKGROUND

In her Complaint, Madison asserts that she purchased a 2006 Volkswagen Passat (the "Vehicle") from Roth on or around May 22, 2010. [Complaint ¶7]. Madison asserts that both parties executed an Odometer Disclosure Statement (the "Statement") indicating the vehicle had 49,818 miles. [Id.].[1] The Statement, which both parties signed, contains the following material term:

> ...the odometer now reads 49818 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below.

[See Ex. "A"]. Madison further alleges that around August 2013, she attempted to trade in her vehicle at a non-party dealer when that dealer revealed the odometer had been rolled back and that it would not accept the trade in. [Complaint ¶11].

Madison has not alleged that Roth knew the Vehicle was rolled back at the time of sale or that Roth had any reason to suspect such. Madison has not alleged that the Vehicle had malfunctioned during her ownership of the vehicle. In fact, Madison, by her own admission, owned the Vehicle from 2009 through 2013, and presumably to present, with no mechanical flaws or defects. [Id. ¶7,11]. Moreover, Madison states that Roth was surprised by the information that the vehicle was rolled back. [Complaint ¶13].

Madison now contends that Roth engaged in deceptive and fraudulent trade practices in selling her the used Vehicle with a rolled back odometer. [Id. ¶21-7].

---

[1] The Odometer Disclosure Statement is attached as Ex. "A."

### III. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded allegations in the pleading. Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983); Colburn v. Upper Darby Township, 838 F.2d 663, 664-65 (3d Cir. 1988), cert. denied, 489 U.S. 1065 (1989); See also Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). Although factual allegations are deemed true, all legal conclusions, deductions and opinions couched as factual allegations are not considered. 2A J. Moore & J. Lucas, ¶ 12.07 [2.5] (2d ed. 1990); see also Brisco v. La Hue, 663 F.2d 713 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983). Indeed, a court "need not accept as true unsupported conclusions and unsupported inferences." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000), cert. denied, 532 U.S. 1038 (2001). A plaintiff may not "simply mouth" conclusions of law to avoid dismissal because a court may disregard bald assertions and legal conclusions asserted in a pleading. See In re Burlington Coat Factory Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Further, it is not proper for a court to assume that a party may prove facts not alleged. Associated Gen. Contractors, 459 U.S. at 526.

Although Roth acknowledges that a liberal construction of pleadings is favored under federal notice pleading standards, Madison must nevertheless demonstrate all essential elements of the claims for relief. Berry v. Hamblin, 356 F. Supp. 306, 307-08 (M.D. Pa. 1973). Dismissal is appropriate when a pleading fails to set forth these essential elements. Id.

### IV. ARGUMENT

A review of Madison's Complaint discloses that Madison has not set forth any facts to support any cause of action against Roth. Instead, Madison merely relies upon conclusory allegations and bald assertions of an unspecified "fraud." Each counts of Madison's Complaint

should be dismissed because (a) Madison has not and cannot plead that she justifiably relied upon any alleged misrepresentation or omissions, (b) Madison fails to plead violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law with the requisite specificity, (c) Madison fails to meet the burden of proof of her claims under the Federal Motor Vehicle and Cost Savings Act, (d) of Madison's Claim for MVSFA lack Federal Jurisdiction and (e) the gist of the action and economic loss doctrines bar Madison's fraud claims.

### A. The Court Should Dismiss Madison's Claims Because She Did Not Justifiably Rely On Any Alleged Misrepresentation Or Omissions.

The Court should dismiss Madison's claims because Madison has failed to plead the requisite element of justifiable reliance with respect to any alleged misrepresentation or omissions.

Because a loss must occur as a result of unlawful conduct under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa. Stat. Ann. § 201-1 et seq., a private plaintiff pursuing a claim under the statute must prove justifiable reliance on the unlawful conduct, not merely that the wrongful conduct caused the plaintiff's injuries. For any UTPCPL claim a plaintiff must show that he (1) justifiably relied on a defendant's wrongful conduct or representation and (2) suffered harm as a result of that reliance. Moreover, a plaintiff bringing an action under the UTPCPL must prove reliance and causation with respect to all subsections of the UTPCPL upon which the plaintiff brings a claim <u>Seldon v. Home Loan Servs.</u>, 647 F. Supp. 2d 451, 454 (E.D. Pa. 2009). Justifiable reliance and causation are elements essential to any claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. <u>Id.</u>

As applied here, the alleged representation and omissions upon which Madison bases her claims upon concern the validity of the mileage odometer reading at the time of the purchase of the vehicle. As evidenced by Madison herself, both parties executed a valid odometer disclosure statement asserting that the odometer was accurate to the best of their knowledge. [Complaint ¶7]. Madison, in her own Complaint, asserts that Roth was surprised when Madison relayed to Roth that the mileage may have been inaccurate. [Complaint ¶13]. By Madison's own admission, she did not discover the alleged misstatement until nearly three years after the purchase of the vehicle. [Complaint ¶11]. Madison does not allege any damage as a result, other than her inability to trade in the vehicle after three years of use with an unnamed third party. Accordingly, as a matter of law, Madison has failed to prove reliance and causation with respect to her claims.

**B.   Madison's Claims Should Be Dismissed Because Madison Fails To Plead Fraud With Specificity.**

As set forth above, Madison asserts claims for relief premised on the allegations of unfair and deceptive trade practices. In short, Madison alleges that the vehicle she purchased in 2010 displayed an inaccurate odometer reading. Madison does not allege that she relied on the alleged misrepresentations or omissions of Roth during the purchase of the vehicle. This pleading is legally insufficient.

To establish a valid cause of action under the UTPCPL for unfair or deceptive acts or practices, a plaintiff must plead those acts or practices with the same specificity as common law fraud. Gilmour v. Bohmueller, 2005 U.S. Dist. LEXIS 1611, 33-34 (E.D. Pa. Jan. 27, 2005)( citing Grant v. Kingswood Apts., 2001 U.S. Dist. LEXIS 23927, No. Civ. A. 01-1523, 2001 WL 1876343, at *3 (E.D.Pa. Oct 15, 2001)). Accordingly, in order to assert a cause of action pursuant to the UTPCPL, a plaintiff must allege the following essential elements of fraud: "(1)

material misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damages to the party defrauded as a proximate result." Id. (citing Heller v. Shaw Indus., 1997 U.S. Dist. LEXIS 12399, Civ. A. No. 95-7657, 1997 WL 535163, [34] at *20 (E.D. Pa. Aug. 18, 1997).

To properly state a claim for fraud, a plaintiff must allege with particularity: (1) a material misrepresentation of fact, (2) which is false, and (3) made with knowledge of its falsity, (4) which is intended to induce the receiver to act, (5) upon which a party justifiably relies, and (6) resultant damage. Moser v. DeSetta, 589 A.2d 679, 682 (Pa. 1991).

Moreover, Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Particularity "means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), cert. denied, 498 U.S. 941 (1990); see also In re Chambers Dev. Sec. Litig., 848 F. Supp. 602, 616 (W.D. Pa. 1994) (citing Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir. 1992), cert. denied, 506 U.S. 934 (1992)). "Under Rule 9(b), [parties] may not simply point to a bad result and allege fraud." In re Chambers, 848 F. Supp. at 616. Rather, a party must "specify the time, place and substance of the [allegedly fraudulent] conduct." United States v. Smithkline Beecham Clinical Lab., Inc., 149 F.3d 227, 234 (3d Cir. 1998).

Three general purposes underlie the stringent pleading requirements that apply to a fraud claim. See Republic Envtl. Sys. (PA), v. Reichold Chem., Inc., 154 F.R.D. 130, 131 (E.D. Pa. 1994). First, the higher burden places a defendant on notice so as to make possible the preparation of an adequate defense. Id. Second, the rule prevents a party from alleging a

groundless claim "as a pretext to uncovering a wrong which was done." Id. Third, the rule protects a party from a frivolous suit that could cause damage to the party's reputation. Id. at 131-32.

Applying the Fed. R. Civ. P. 9(b) standard, Madison's claims do not set forth with particularity facts establishing the nature of the fraud, pursuant to the Pennsylvania Unfair Trade Practice and Consumer Protection Laws, allegedly committed by Roth . Taken as a whole, Madison alleges that at some unspecified place and time, the mileage displayed on the odometer of the vehicle was presumably rolled back. [Complaint ¶12]. Allegedly, Madison detrimentally relied upon the unspecified omissions and representation of the mileage and in some way suffered unspecified damage. [Id., ¶ 18]. Plainly, Roth is left with no clue as to the true nature of the alleged fraud, how Madison detrimentally relied on the alleged representations and omission, and how Madison was allegedly harmed, if at all. Accordingly, the fraud claims fail under Fed. R. Civ. P. 9(b).

### C. Madison's Claims Should Be Dismissed Because They Fail to Meet Their Burden of Proof under the Federal Motor Vehicle and Cost Saving Act

Madison's Complaint attempts to allege that Roth's actions and or omissions constitute a violation of the Federal Motor Vehicle and Cost Saving Act, 49 U.S.C. §32705, et seq. ("Odometer Act"). "In order to prevail on [a] claims under the Odometer Act and the Pennsylvania Odometer Law, plaintiff must thus establish "two essential elements: (1) a violation of the odometer disclosure requirements . . . , and (2) an intent to defraud.'" Sacks v. DJA Auto., 2013 U.S. Dist. LEXIS 7824, 21-22 (E.D. Pa. Jan. 18, 2013)(citing Diersen v. Chi. Car. Exch., 110 F.3d 481, 487 (7th Cir. 1997)). Once a dealer has notice of grounds for suspecting an odometer's inaccuracy, the law imposes on him a duty of further inquiry. The dealer must then investigate the facts in order to ascertain whether the odometer's mileage

reading is reliable, before certifying it as such; or, if he chooses not to do this, then he is legally bound to inform the customer that he suspects the odometer is incorrect and that it should not be relied upon. Oettinger v. Lakeview Motors, Inc., 675 F. Supp. 1488, 1493 (E.D. Va. 1988).

In the instant action, Madison fails to assert Roth possessed the requisite intent to defraud. In fact, Madison's own allegations state that Roth was only made aware of the alleged rollback around August 2013, three years after the sale of the vehicle. [Complaint ¶ 13-15]. Madison also makes assertions in her Complaint that the rollback was independently confirmed, however, fails to specify in what manner she allegedly independently confirmed the purported rollback. [Complaint ¶ 13]. Moreover, Madison at no point indicated that Roth would have grounds to suspect the odometer's alleged inaccuracy. The 2006 vehicle was sold in 2010 with an odometer reading of 49,818 miles. [Id. at 7]. This would suggest that the vehicle was previously driven at an average of 12,454 miles a year. Nothing in Madison's Complaint suggests that Roth knew or should have known that the odometer reading was allegedly suspect. Therefore, Madison's claim under the Odometer Act fail, as Madison fails to allege and establish the two essential elements necessary to pursue this claim.

### D. Madison's Claim of Under the MVSFA Should Be Dismissed Because Madison Fails to Prove Her Claims Under the Odometer Act.

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . .28 U.S.C. § 1367(c). This Court has recognized that 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and

fairness to the parties provide an affirmative justification for doing so.'" Soslau v. PHH Mortg. Corp., 2008 U.S. Dist. LEXIS 55575, 11 (E.D. Pa. July 18, 2008)..

For the reasons set forth above, Madison's claims under the Odometer Act should be dismissed, as a matter of law. As such, Madsion's claim for violation of the MVSFA should be dismissed, as the MVSFA standing alone, would not warrant Federal Jurisdiction. Therefore, Madison's claims under the MVSFA must be dismissed for lack of Federal Question Jurisdiction.

      E.    **Madison's Claims Should Be Dismissed Because They Violate The "Gist Of The Action" And Economic Loss Doctrines.**

Madison's Complaint attempts to convert what is, in essence, a contract claim into tort claims. Any claim that could exist, however, would be contractual in nature. Accordingly, any claim sounding in tort must be dismissed because it violates the "gist of the action" and the economic loss doctrines.

          1.    **Madison's claims should be dismissed pursuant to the gist of the action doctrine.**

Pennsylvania courts have consistently held that a tort claim is not appropriate in cases in which a contract governs the relationship of the parties. These courts apply the gist of the action doctrine to determine whether a cause of action arising from a contractual relationship sounds in contract or in tort. Phico Ins. Co. v. Presbyterian Medical Servs. Corp., 663 A.2d 753, 757 (Pa. Super. Ct. 1995); see also Redevelopment Auth. of Cambria County v. Int'l Ins. Group, 685 A.2d 581, 590 (Pa. Super. Ct. 1996). Applying this doctrine, a tort claim is maintainable only if the contract is collateral to the allegedly tortious conduct. See Wood & Locker, Inc. v. Doran & Assoc., 708 F. Supp. 684, 689 (W.D. Pa. 1989).

The gist of the action doctrine cannot be evaded by the mere expedient of pleading that a party acted negligently, recklessly, wantonly or intentionally, if the gravamen of the claim is the failure to fulfill a contractual promise. See Sunquest, 40 F. Supp. 2d at 651. A party may not "disrupt the expectations of the parties by supplanting their agreement with a tort action that claims that the party misperformed the agreement in question." Factory Market, Inc. v. Schuller Int'l, Inc., 987 F. Supp. 387, 394 (E.D. Pa. 1997); see also Sunquest, 40 F. Supp.2d at 651. Put simply, a plaintiff cannot assert a tort claim "when that theory is merely another way of stating [a] breach of contract claim." Sunquest, 40 F. Supp.2d at 651 (internal citation omitted).

The gist of the action doctrine bars tort claims (1) "arising solely from a contract between the parties," (2) where "the duties allegedly breached were created and grounded in the contract itself," (3) where "the liability stems from a contract," or (4) where the tort claim "essentially duplicates a breach of contract claim or the success of which is wholly dependant on the terms of a contract." See Etoll, Inc. v. Elias/Savion Advertising, Inc., 811 A.2d 10, 19 (Pa. Super. Ct. 2002) (internal citations omitted).

Moreover, the Pennsylvania Superior Court has held that the gist of the action doctrine applies to claims for fraud in the performance of a contract. Id. The Court stated:

> These courts have **not** carved out a categorical exception for fraud, and have not held that the duty to avoid fraud is always a qualitatively different duty imposed by society rather than by the contract itself. Rather, the cases seem to turn on the question of whether the fraud concerned the performance of contractual duties. If so, then the alleged fraud is generally held to merely collateral to a contract claim for breach of those duties. If not, then the gist of the action would be the fraud, rather than any contractual relationship between the parties.

Id. (emphasis in original).

Further, several courts have determined that tort claims allegedly committed in the course of carrying out a contractual agreement warrant dismissal if the "gist" of the claim sounds in

contract. See Phico Ins. Co., 663 A.2d at 757; see also Redevelopment Auth. of Cambria County, 685 A.2d at 590; Quorum Health Res. v. Carbon-Schuylkill Cmty. Hosp., 49 F. Supp. 2d 430, 432 (E.D. Pa. 1999); Sunquest, 40 F. Supp.2d at 651-52; Factory Market, Inc., 987 F. Supp. at 394; Wood & Locker, 708 F. Supp. at 689.

Similarly, in the present action, the gist of the action involves the Statement signed by both parties and integrated into the purchase agreement for the vehicle and whether Roth knew, at the time he provided the Statement, that the mileage on the vehicle had been tampered with. All representations and understandings concerning and relating to the Statement, however, are contained with its four corners. [Ex. "A"]. Thus, this claim for relief is contractual and must be pursued, if at all, under the Statment.

### 2. Candelet's claims should be dismissed pursuant to the economic loss doctrine.

The economic loss doctrine bars a plaintiff from recovering a purely economic loss suffered as a result of a defendant's negligent or otherwise tortious conduct absent any physical injury or property damage. See Ellenbogen v. PNC Bank, 731 A.2d 175, 188 n.26 (Pa. Super. Ct. 1999); New Chemic (U.S.). Inc. v. Fine Grinding Co., 948 F. Supp. 17, 19 (E.D. Pa. 1996). Further, as the purpose of the economic loss doctrine is to maintain the separation between contract law and tort law, a party should not be permitted to sue in tort when a contract governs the relationship. See Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 619-20 (3d Cir. 1995).

The rationale behind the economic loss doctrine "is that tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." Factory Market, Inc., 987 F. Supp. at 396 (quoting, Palco Linings. Inc. v. Pavex. Inc., 755 F. Supp. 1269, 1271 (M.D. Pa. 1990)); see also Getty Refining and Mktg. Co. v.

MT FADI B, 766 F.2d 829, 834 (3d Cir. 1985) (holding that economic loss doctrine prevents tort claims when it is clear that the plaintiff suffered damages because of its contractual relationship); Werwinski v. Ford Motor Co., No. 00-943, 2000 WL 1201576. **5-6 (E.D. Pa. Aug. 15, 2000) (holding that the economic loss doctrine applies to intentional torts).  Thus, for a party to recover under tort law, the party must be able to show harm beyond disappointed expectations resulting from an agreement.  See Factory Market, 987 F. Supp. at 396 (holding that the economic loss doctrine prevented the plaintiff from recovering for "failed commercial expectations").

In numerous cases, both the Superior Court of Pennsylvania and the United States District Court for the Eastern District of Pennsylvania (applying Pennsylvania law) have held that the economic loss doctrine bars tort claims.  See, e.g., Lower Lake Dock Co. v. Messinger Bearing Corp., 577 A.2d 631, 634 (Pa. Super. Ct. 1990); Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 620 (3d Cir. 1995); New Chemic, Inc. v. Fine Grinding Corp., 948 F. Supp. 17, 20 (E.D. Pa. 1996); Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 371 (E.D. Pa. 1996); Eagle Traffic Control v. Addco, 882 F. Supp. 417, 419 (E.D. Pa. 1995).

Here, the damages purportedly suffered by Madison constitute economic loss. [Complaint, ¶¶ 10-11].  Moreover, as discussed above, the Statement governs the relationship between Madison and Roth.  Therefore, the economic loss doctrine bars Madison's claims.

## V.      CONCLUSION

For the foregoing reasons, Bray respectfully requests that Madison's Complaint be dismissed with prejudice.

                                                  Respectfully submitted,

                                                  /s/ Greg Prosmushkin
                                                  Greg Prosmushkin, Esquire
                                                  LAW OFFICES OF GREG PROSMUSHKIN, P.C.
                                                  9637 Bustleton Avenue
                                                  Philadelphia, PA 19115
                                                  ((215) 673-7733 - Telephone
                                                  (215) 673-7933– Fax
                                                  Attorneys for Defendant
                                                  Mike Roth d/b/a Auto Pros

Dated:  May 5, 2014

# EXHIBIT A

| MICHELLE MADISON | 4930 |
|---|---|
| CUSTOMER'S NAME | STOCK NO |

## ODOMETER DISCLOSURE STATEMENT

*Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.*

I, __AUTO PROS_____ (transferor's name, Print)

state that the odometer now reads __49818__ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. WARNING - ODOMETER DISCREPANCY.

| MAKE | MODEL | BODY TYPE |
|---|---|---|
| Volkswagen | Passat | Sedan |
| VEHICLE IDENTIFICATION NUMBER | | YEAR |
| WVWAK73C06P067419 | | 2006 |

X _[signature]_
TRANSFEROR'S SIGNATURE

AUTO PROS
PRINTED NAME

6250 HARBISON AVE.
TRANSFEROR'S ADDRESS (STREET)

PHILADELPHIA  PA  19149-
CITY                  STATE            ZIP CODE

05/22/2010
DATE OF STATEMENT

X _Michelle Madison_
TRANSFEREE'S SIGNATURE

MICHELLE MADISON
PRINTED NAME

MICHELLE MADISON
TRANSFEREE'S NAME

241 N HOBART ST
TRANSFEREE'S ADDRESS (STREET)

PHILADELPHIA,  PA  19139-
CITY                  STATE            ZIP CODE

## CERTIFICATE OF SERVICE

I, Greg Prosmushkin, Esquire, hereby certify that on May 5, 2014, I caused the foregoing to be filed via the Court's ECF system. The foregoing document is available for viewing and downloading from the PACER system. Electronic notice of this filing was sent to all counsel of record.

/s/ Greg Prosmushkin
Greg Prosmushkin, Esquire