IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE MADISON<br>          Plaintiff,<br><br>     v.<br><br>MIKE ROTH d/b/a AUTO PROS, et al.<br>          Defendants. | **CIVIL ACTION**<br><br>**No. 2:14-cv-01544-ER**<br><br>Hon. Eduardo C. Robreno<br><br>[Filed Electronically] |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Mike Roth d/b/a Auto Pros, et. al. ("Roth"), Defendant herein, moves this Court, pursuant to Rule 12(b)(6) of the Rules of Civil Procedure, to dismiss the above-captioned case. In support of his Motion, Defendant shows the following:

1. Plaintiff, Michelle Madison ("Madison") asserts that she purchased a 2006 Volkswagen Passat (the "Vehicle") from Roth on or around May 22, 2010.

2. Madison asserts that both parties executed an Odometer Disclosure Statement (the "Statement") indicating the vehicle had 49,818 miles.

3. The Statement, which both parties signed, contains the following material term "…the odometer now reads 49818 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below".

4. Madison further alleges that around August 2013, she attempted to trade in her vehicle at a non-party dealer when that dealer revealed the odometer had been rolled back and that it would not accept the trade in.

5. Madison has not alleged that Roth knew the Vehicle was rolled back at the time of sale or that Roth had any reason to suspect such.

6. Madison, by her own admission, owned the Vehicle from 2009 through 2013, and presumably to present, with no mechanical flaws or defects.

7. Under Rule 12(b)(6), this case must be dismissed because Madison has not set forth <u>any</u> facts to support any cause of action against Roth.

8. Each counts of Madison's Complaint should be dismissed because (a) Madison has not and cannot plead that she justifiably relied upon any alleged misrepresentation or omissions, (b) Madison fails to plead violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law with the requisite specificity, (c) Madison fails to meet the burden of proof of her claims under the Federal Motor Vehicle and Cost Savings Act, (d) of Madison's Claim for MVSFA lack Federal Jurisdiction and (e) the gist of the action and economic loss doctrines bar Madison's fraud claims.

WHEREFORE, for the above for the above reasons, Defendant respectfully requests that this Court dismiss this case with prejudice and order such other relief as is just and proper.

Respectfully submitted,

/s/ Greg Prosmushkin
Greg Prosmushkin, Esquire
LAW OFFICES OF GREG PROSMUSHKIN, P.C.
9637 Bustleton Avenue
Philadelphia, PA 19115
((215) 673-7733 - Telephone
(215) 673-7933– Fax
Attorneys for Defendant
Mike Roth d/b/a Auto Pros

Dated:  May 12, 2014